IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESLEY WADDELL,

                Plaintiff,

v.                                        CIVIL ACTION NO. 2:19-cv-00122

CAPITAL ACCOUNTS, LLC

                Defendant.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is Plaintiff Waddell's Motion for Entry of Default Judgment [ECF No. 8]. For the reasons that follow, the Request is **GRANTED**. Damages are awarded in amounts set forth below.

II.    Background

Plaintiff Wesley Waddell ("Waddell"), an individual and resident of Fayette County, West Virginia, brought the current action against Defendant Capital Accounts, LLC ("Capital Accounts"), a foreign corporation with its principal place of business in Franklin, Tennessee. Waddell alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA") by Capital Accounts.[1] According to the complaint, a

---

[1] This court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law

dentist's office engaged Capital Accounts to collect an alleged debt ("Alleged Debt") from Waddell. The Alleged Debt is not legitimate because Waddell does not owe the dentist's office any amount. Compl. [ECF No. 1] ¶ 7.

In attempting to collect the illegitimate, Alleged Debt, Capital Accounts called Waddell numerous times on his employer's telephone line, including multiple times per day every day for three weeks and, in some cases, calling multiple times in a row within a matter of minutes. *Id.* at ¶¶ 8–11. Waddell told Capital Accounts the debt was not valid and that he was not allowed to receive personal calls on his work telephone line or during work hours, yet they called at least twenty more times. Waddell Decl. [ECF No. 8-1] ¶ 4. Further, Capital Accounts threatened to talk to Waddell's employer about the Alleged Debt. *Id.* at ¶ 12. Notably, Capital Accounts "failed to disclose the name and full business address of the person…to whom the Alleged Debt was owed" in at least twenty calls. *Id.* at ¶ 11; Compl. [ECF No. 1] ¶ 23.

Capital Accounts made Waddell "feel harassed, abused and oppressed." Waddell Decl. [ECF No. 8-1] ¶¶ 3–6. Waddell also suffered "fear, anxiety and mental anguish" as a result of Capital Accounts' conduct. *Id.* at ¶ 3. Waddell asks for $25,000 in actual damages based on Capital Accounts' conduct, $1,000 in statutory damages under the FDCPA, and $41,000 in statutory damages under the WVCCPA. Pl.'s Mot. For Entry of Default J. [ECF No. 8] 5–6.

---

claims because the state law claims are closely related to the federal law claims.

Capital Accounts was served with the Summons and Complaint on February 21, 2019. Aff. of Service [ECF No. 4]. To date, Defendant has failed to appear or file a pleading responsive to Plaintiff's Complaint. The Clerk entered default against Defendant on March 29, 2019 [ECF No. 6]. Plaintiff then filed a Motion for Entry of Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

III. Legal Standard

Default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Under Rule 55, which governs default judgments, "trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). A defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as related to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The court must make an independent determination of damages where the amount of the Plaintiff's claim is uncertain. Fed. R. Civ. P. 55(b).

Here, Waddell has filed a declaration and a Motion for Entry of Default Judgment, setting forth the amount due. Based on its review of Waddell's Motion for Entry of Default Judgment and Waddell's declaration, the court finds that a hearing on this matter is unnecessary.

IV. Discussion

Waddell has alleged multiple violations of the FDCPA and WVCCPA. In taking all the facts in the complaint as true, the court will first assess the liability of Capital Accounts under each claim. Next, the court will review the question of damages.

a) Liability

1) FDCPA Claims

One of the purposes of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). "To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Woods v. Oxford Law, LLC*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *4 (S.D.W. Va. Feb. 24, 2015); *see also Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012).

Consumer debt includes "an obligation or alleged obligation 'to pay money arising out of a transaction…primarily for personal, family, or household purposes[.]'" 15 U.S.C. § 1692a. Because the Alleged Debt here is for dental services, the first element is met. Capital Accounts is a "debt collector" because the complaint establishes that it is a company using an "instrumentality of interstate commerce," here a telephone, attempting to collect the debts owed to another, here the dentist office. *See id.* As for the third element, Waddell has alleged several actions by Capital Accounts in violation of the FDCPA which are to follow.

## 15 U.S.C. § 1692(c)

Waddell's first claim is that Capital Accounts violated 15 U.S.C. §1692(c)(a)(3) by calling him at work. Section 1692c(a) provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt…(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C.A. § 1692c.

Here, Waddell told Capital Accounts "numerous times that he is not permitted to receive personal calls on his work telephone line or during work hours." Compl. [ECF No. 1] ¶ 9. Thus, Capital Accounts was on notice that Waddell was prohibited from receiving calls at work. *See Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 772–73 (7th Cir. 2003) (holding Defendant knew or had reason to know Plaintiff's employer prohibited debt related calls at work when Plaintiff told Defendant she "could not talk to him at work" about her debt.). Yet, despite Waddell's protests, Capital Accounts continued calling him on his employer's telephone while he was working at least twenty more times. Compl. [ECF No. 1] ¶ 10; Waddell Decl. ¶ 4. Therefore, Capital Accounts violated 15 U.S.C. §1692(c).

## 15 U.S.C. § 1692d

Next, Waddell alleges Capital Accounts violated 15 U.S.C. § 1692d, which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Violations include "[c]ausing a telephone to ring or

engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* at (5). "[C]all volume alone absent evidence of other abusive conduct is insufficient to sustain a claim…" *Valentine & Kebartas, Inc. v. Lenahan*, 801 S.E.2d 431, 436 (W. Va. 2017). But "'intent to annoy, abuse, or harass' on the part of the debt collector may also be inferred from a combination of the call frequency and other conduct, such as repeatedly calling a consumer who has asked not to be contacted." *Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *7.

Here, Capital Accounts called Waddell numerous times, including multiple times a day, even after Waddell told Capital Accounts that he was not allowed to receive these calls at work and that the Alleged Debt was not valid. Waddell Decl. ¶¶ 3–5. Capital Accounts also threatened to tell Waddell's employer about the alleged debt. *Id.* at ¶ 6. Thus, the high number of calls, despite being told not to call, in addition to a threat to tell Waddell's employer shows an "intent to annoy, abuse, or harass" by Capital Accounts in violation of 15 U.S.C. § 1692d(5).

### 15 U.S.C. § 1692e

Waddell next alleges Capital Accounts violated § 1692e by threatening to call his employer. Debt collectors are prohibited from communicating "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). And debt collectors are further forbidden from threatening "to take any action that cannot legally be taken or that is not intended

6

to be taken." 15 U.S.C. § 1692e(5). Thus, by threatening to call Waddell's employer about the Alleged Debt, Capital Accounts threatened to take an illegal action forbidden by § 1692c(b), therefore violating 15 U.S.C. § 1692e(5).

### 2) WVCCPA Claims

Waddell also alleges state law claims against Capital Accounts. "The purpose of the [WVCCPA] is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *Stover v. Fingerhut Direct Mktg., Inc.*, No. CIV.A. 5:09-CV-00152, 2010 WL 1050426, at *2–3 (S.D.W. Va. Mar. 17, 2010).

### Section 46A-2-124

Waddell alleges Capital Accounts violated W. Va. Code § 46A-2-124, which prohibits a debt collector from using threats or coercion. Violations include

> (b) The accusation or threat to accuse any person of fraud, any crime, or any conduct which, if true, would tend to disgrace such other person or in any way subject him to ridicule, or any conduct which, if true, would tend to disgrace such other person or in any way subject him to ridicule or contempt of society;

W. Va. Code § 46A-2-124(b).

Here, because Capital Accounts threatened to tell Waddell's employer about the Alleged Debt, Capital Accounts thus threatened to accuse Waddell of "conduct which, if true, would tend to disgrace" Waddell and "subject him to ridicule." *See id.* Therefore, Capital Accounts violated W. Va. Code § 46A-2-124.

7

### Section 46A-2-125

Next, Waddell alleges a violation of § 46A-2-125, which prohibits "[c]alling any person more than thirty times per week or engaging any person in telephone conversation more than ten times per week, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number." W. Va. Code § 46A-2-125. The West Virginia Supreme Court of Appeals has held § 46A-2-125 is nearly identical to 15 U.S.C. § 1692d(5). *See Valentine*, 801 S.E.2d at 435–36. Because Waddell alleged sufficient facts for Capital Accounts to violate 15 U.S.C. § 1692d(5) as stated earlier, Capital Accounts also violated W. Va. Code § 46A-2-125.

### Section 46A-2- 127(c)

Waddell also alleges Capital Accounts violated § 46A-2-127(c), which prohibits a debt collector from failing "to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money." W. Va. Code § 46A-2-127(c). Capital Accounts failed to disclose to Waddell "the name and full business address of the Defendant to whom the Alleged Debt has been assigned for collection" and "the party to whom the Alleged Debt was owed." Pl.'s Mot. For Entry of Default J. [ECF No. 8] ¶ 19. Thus, Capital Accounts has violated W. Va. Code § 46A-2-127(c).

b) **Damages**

Now that liability has been established, this court must make an independent determination as to what damages Waddell is entitled. *See Finney v. MIG Capital*

*Mgmt., Inc.*, No. CIV.A. 2:13-02778, 2014 WL 1276159, at *10 (S.D.W. Va. 2014). Courts do not "simply accept the plaintiff's statement of damages, but instead must ensure that damages are appropriate." *Id.*

Waddell alleges in his Motion for Entry of Default Judgment he is entitled $67,000 in damages, including $25,000 in actual damages, $1,000 in statutory damages under the FDCPA, and $41,000 in statutory damages under the WVCCPA.

### 1) Damages under FDCPA

For damages under the FDCPA, the statute provides that "any debt collector who fails to comply with any provision of this subchapter" is liable for "actual damages sustained" and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997)). To determine liability, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). In addition, "actual damages are not a prerequisite to the recovery of statutory damages." *Woods,* No. CIV.A. 2:13-6467, 2015 WL 778778, at *12 (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir.2003)).

Waddell has shown multiple violations of the FDCPA by Capital Accounts. Capital Accounts threatened to tell Waddell's employer about the debt and repeatedly

called Waddell even after he told them he was not allowed to take those calls at work. By defaulting, Capital Accounts admits the violations. Due to "the frequency and persistence of noncompliance" by Capital Accounts and threat to tell Waddell's employer, Waddell is entitled to the full $1,000 in statutory damages under the FDCPA. *See* 15 U.S.C. § 1692k(b)(1); *see also Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *13 (citing *Frazier v. Absolute Collection Serv., Inc.*, 767 F.Supp.2d 1354, 1365–66 (N.D.Ga.2011) (adopting report and recommendation) (awarding $1,000 for "a handful" of FDCPA violations); *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F.Supp.2d 1188, 1194–95 (D.N.M.2011) (awarding $300 for a single phone call in violation of FDCPA); *Hutchens v. West Asset Mgmt., Inc.*, No. 11–996, 2013 WL 1337178, at *6 (S.D.W.Va. March 29, 2013) (awarding $1,000 for FDCPA violations); *Jensen v. Omni Credit Servs. of Fla ., Inc.*, No. 12–405, 2013 WL 1183317, at *2 (D.Or. Feb. 25, 2013) (awarding $1,000 for an unspecified number of calls in violation of FDCPA); *cf. also DIRECTV, Inc. v. Huynh*, 318 F.Supp.2d 1122, 1129–31 (M.D.Ala.2004) (holding a damages hearing was not necessary to calculate statutory damages and awarding statutory damages on the basis of affidavits and record evidence)).

Waddell also alleges $25,000 in actual damages under FDCPA and WVCCPA. In support, Waddell states he felt "harassed, abused, and oppressed" and suffered "fear, anxiety and mental anguish" as a result of Capital Accounts' conduct. Waddell Decl. [ECF No. 8-1] ¶¶ 3–6, 8. District courts are split over whether emotional distress damages under the FDCPA require the same proof as state tort claims. *See Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *13. But even assuming a lower standard

applies, actual damages are inappropriate because Waddell has not shown evidence of actual damages beyond "mere conclusory statements" of "transitory symptoms of emotional distress and unsupported self-serving testimony." *See id.* (citing *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir.2007) (noting, for damages under the Fair Credit Reporting Act, Plaintiff must "reasonably and sufficiently explain the circumstances of [the] injury and not resort to mere conclusory statements.")).

### 2) Damages Under WVCCPA

"Damages under the FDCPA do not preclude damages under relevant state law" when the state law affords greater protection.[2] *In re Baie*, No. 08-06795-8-SWH,

---

[2] In contrast, other courts do not allow for recovery under both FDCPA and parallel state laws. *See Thomas v. Smith, Dean & Assocs.*, Inc., No. ELH-10-CV-3441, 2011 WL 2730787, at *5–6 (D. Md. 2011), report and recommendation adopted, No. CIV.A. ELH-10-3441, 2011 WL 3567043 (D. Md. 2011). However, the FDCPA states that

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n. "This language, coupled with the FDCPA's express purpose to 'promote consistent State action,' 15 U.S.C. § 1692(e), establishes that Congress did not intend the FDCPA to preempt consistent state consumer protection laws." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066–67 (9th Cir. 2011). "Statutory damages under the FDCPA are intended to 'deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff.'" *Id.* (quoting *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir.2001)). "State laws permitting plaintiffs to recover additional statutory damages increase deterrence, thus affording greater protections to consumers and operating consistently with the

2011 WL 1257148, at *3–4 (Bankr. E.D.N.C. Mar. 30, 2011); *see* 15 U.S.C. § 1692n; *see also Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *15–16 (awarding damages under both the FDCPA and the WVCCPA). Therefore, Waddell can recover under both the FDCPA and the WVCCPA.

A consumer is entitled to recover actual damages and a statutory penalty of $1,000 per violation[3] under the WVCCPA. W. Va. Code § 46A-5-101(1).[4] "The Supreme Court of Appeals of West Virginia has indicated that the WVCCPA is to be construed broadly." *Stover*, No. CIV.A. 5:09-CV-00152, 2010 WL 1050426, at *2–3 (citing *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516, 523 (W.Va.1995)). "The WVCCPA does not provide specific instructions as to the variables to consider in assessing the penalty amount, but guidance may be found in case law interpretation of the WVCCPA as well as in the language of the

---

FDCPA. *See* 15 U.S.C. § 1692n." *Id.* This court is thus persuaded by the language of FDCPA and other courts that recovery under both FDCPA and WVCCPA is permitted.

[3] "The unit of additional damages under the FDCPA is $1,000 per action, not $1,000 per violation." *Harmon v. Virtuoso Sourcing Grp. LLC*, No. 2:11-CV-00334, 2012 WL 4018504, at *4 (S.D.W. Va. Sept. 12, 2012) (citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir.1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir.1992)). However, "under the West Virginia Consumer Credit Protection Act…W. Va.Code § 46A–5–101(1) allows for multiple civil penalties for each telephone call made by a debt collector in violation of the statute." *Id.* (citing *Stover v. Fingerhut Direct Mktg., Inc.*, Civil Action No. 5:09–CV–00152, 2010 WL 1050426 (S.D.W.Va. Mar. 17, 2010) (Berger, J.)).

[4] Statutory damages may be adjusted for inflation from 12:01 a.m. on September 1, 2015. However, Waddell does not ask for an inflation adjustment, so this court declines to adjust the award for inflation. W. Va. § 46A-5-106.

federal corollary statute, the FDCPA, and in cases interpreting it." *Alig v. Quicken Loans Inc.*, No. 5:12-CV-114, 2017 WL 5054287, at *29 (N.D.W. Va. July 11, 2017). Similar to the FDCPA, "recovery of actual damages is not a prerequisite to the recovery of statutory damages." *Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *13.

As for statutory damages, Waddell alleges he is entitled to $41,000 because Capital Accounts violated the WVCCPA forty-one times, including one violation of Section 46A-2-124, twenty violations of Section 46A-2-125, and twenty violations of Section 46A-2-127(c). Given the high number of calls Capital Accounts made after Waddell told Capital Accounts he could not receive calls at work, violating Section 46A-2-125, a penalty is merited of $100 per violation of the first five times; $200 for the next five calls; $300 for the next five calls; and $1,000 for the final five calls. Capital Accounts also failed to disclose the name and full business address of the person to whom the Alleged Debt had been assigned, violating 46A-2-127(c), which also merits a penalty of $100 for the first five calls in violation; $200 for the next five calls; $300 for the next five calls; and $1,000 for the final five calls. As for the violation of threatening to contact Waddell's employer, Section 46A-2-124, a penalty of $500 is merited due to the intimidating nature of this threat. Thus, the aggregate total reaches $16,500.

As for actual damages, similar to the federal claims, West Virginia state law "requires a plaintiff seeking to recover emotional distress damages to 'reasonably and sufficiently explain the circumstances of his injury and not resort to mere conclusory

statements.'" *Woods*, No. CIV.A. 2:13-6467, 2015 WL 778778, at *13 (quoting *Slack v. Kanawha Cnty. Housing & Redevelopment Auth.*, 423 S.E.2d 547, 554–55 (W.Va. 1992)). Waddell's conclusory allegations of emotional distress are not sufficient to establish actual damages under WVCCPA.

## V. Conclusion

For the foregoing reasons, the court **GRANTS** Plaintiff Waddell's Motion for Entry of Default Judgment [ECF No. 8]. Plaintiff is awarded judgment against Defendant Capital Accounts in the amount of $1,000 for the federal law claims and $16,500 for the state law claims for a total of $17,500.

The court hereby **DISMISSES** this case and **DIRECTS** that it be removed from the court's active docket. A separate Judgment Order follows.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 5, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE